# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| RONALD MARK CLARK, | : | PRISONER CIVIL RIGHTS |
| Inmate No. 1039639, | : | 42 U.S.C. §1983 |
|    Plaintiff, | : | |
| | : | |
|    v. | : | |
| | : | CIVIL ACTION NO. |
| STATE BAR OF GEORGIA; et al., | : | 1:21-CV-5095-SDG |
|    Defendants. | : | |

**<u>MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION</u>**

Before the Court is Plaintiff Ronald Mark Clark's *pro se* civil rights complaint filed pursuant to 42 U.S.C. §1983. (Doc. 1). The matter is before the Court for a frivolity screening pursuant to 28 U.S.C. §1915A.

I.    <u>28 U.S.C. § 1915A Frivolity Review</u>

Under 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (internal quotation marks and citations omitted). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "A plaintiff . . . must plead facts sufficient to

show that [his] claim has substantive plausibility" and to inform the defendant of "the factual basis" for the complaint. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 135 S. Ct. 346, 347 (2014).

In reviewing whether a plaintiff has stated a claim, the Court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them in the plaintiff's favor. *Gissendaner v. Commissioner, Ga. Dep't of Corr.*, 803 F.3d 565, 578 (11th Cir. 2015). Additionally, the Court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers, *Bingham*, 654 F.3d at 1175, but "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (internal quotation marks and citation omitted).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege facts plausibly showing that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States. *Bingham*, 654 F.3d at 1175. If a plaintiff cannot satisfy those requirements, or fails to provide factual allegations in support of the claim, the complaint may be dismissed. *See* 28 U.S.C. §1915A(b) (dictating that a complaint, or any portion thereof, that does not pass §1915A's standard "shall" be dismissed on preliminary review).

II.     Plaintiff's Claims

Plaintiff has named as Defendants the State Bar of Georgia, its General Counsel, Paula J. Frederick, and its Grievance Counselor, Adrienne D. Nash. (Doc. 1). Plaintiff essentially complains that Defendants failed to discipline or disbar his former attorneys for conduct he claims violated Georgia Rules and Codes of Conduct during their representation of him. (*Id.*). Plaintiff seeks equitable and monetary relief.

III.    Analysis of Plaintiff's Claims

The State Bar of Georgia, its General Counsel, and its Grievance Counsel cannot be sued under §1983, as they all are immune from suit. To that end, "[t]he State Bar is an arm of the Georgia Supreme Court[,]" and "[s]tate bar disciplinary proceedings are judicial in nature." *Cohran v. State Bar of Ga.*, 790 F. Supp. 1568, 1574-75, 1577 (N.D. Ga. 1992) (citing O.C.G.A. § 15-19-31). Thus, state bar associations, as well as individual bar officials, are entitled to immunity under §1983. *See id.*; *Levine v. Scott*, No. 1:18-CV-625-ELR-RGV, 2018 WL 1811831, at *5 (N.D. Ga. Feb. 28, 2018) (concluding that attorney's claims against employees and agents of the State Bar for actions taken in connection with disciplinary proceedings are barred by judicial immunity), *objections overruled and report and recommendation adopted by Levine v. Scott*, No. 1:18-CV-625-ELR-RGV at Docket No. 20 (N.D. Ga. November 26, 2018). *See also Henry v.*

3

*Fla. Bar*, 701 F. App'x 878, 880 (11th Cir. 2017) (holding individual Florida Bar officials, including discipline counsel, were agents of the Florida Supreme Court and entitled to absolute immunity under §1983); *Caffey v. Ala. Supreme Ct.*, 701 F. App'x 878, 880 (11th Cir. 2012) ("Immunity from suit extends to 'arms of the State' including . . . state bar associations.").

IV.  Conclusion

Based on the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that this complaint be **DISMISSED** under 28 U.S.C. § 1915A.

**IT IS SO RECOMMENDED** this 25th day of March, 2022.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE